WALLACE, JUDGE:
The claimants, Mr. and Mrs. Robert Jones, filed this claim in the amount of $1,051.24 for surface water damage to their home located on Reeves Road in Keyser, Mineral County, West Virginia. The claimants contend that on January 20, 1979, water from the ditch line adjacent to Reeves Road overflowed during a heavy rainfall, resulting in damage to the basement wall of their residence. Water and mud flowed from the carport into the basement, destroying water pipes and a water heater.
Claimant Robert Jones testified that, in his opinion, the water overflowed because the culvert in the ditch line adjacent to Reeves *240 Road crushed in on one end to the extent that the culvert was only half open for drainage purposes. He also indicated that his wife had called the Department of Highways twice to complain about the condition of the culvert, but nothing was done to correct the situation.
The respondent’s witness, Gene C. Clem, the maintenance superintendent of Mineral County at that time, testified that there had been continued periods of below-freezing weather and above-average precipitation which had created an accumulation of snow and ice in the ditch line. On January 20, 1979, there was an unusually heavy rainfall, and the water overflowed from the blocked ditch line across the road onto the claimants’ property, which, being lower than the roadway, was the natural drainage area.
Douglas G. Kesner, an area engineer with the construction division of the respondent, testified that his investigation revealed that claimants’ property was located in a natural drainage area. He further stated that the size of the culvert would not have affected the flow of water on the night in question because the problem resulted from the frozen condition which existed in both the pipe and the ditch line. The water from the rainfall had no other place to flow except over the roadway and across claimants’ property.
From the record, it is evident that the particular accumulation of water flowing onto claimants’ property was largely attributable not to any clogged culvert, but to the natural flow of water over existing snow and ice, which was caused by the peculiar weather conditions experienced at that time. See Hall v. Dept. of Highways, CC-78-217 (Sept. 20, 1979).
The Court is of the opinion that the claimants have failed to prove by a preponderance of the evidence that the damages were directly and proximately caused by the negligence of the respondent. Accordingly, the claim is hereby disallowed.
Claim disallowed.